UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| O'DELL K. JOHNSON,<br><br>               Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, DIRECTOR OF PRISONS;<br><br>               Respondent. | 4:15-CV-04194-KES<br><br>REPORT AND RECOMMENDATION |

      Petitioner O'Dell K. Johnson prepared a document entitled "Motion for Certificate of Appealability for an Act of Congress, 1968, to be Unconstitutional by State of South Dakota." In this document, Mr. Johnson makes reference to "the Great Writ," a reference to the writ of habeas corpus. The gist of this document is otherwise unclear.

      Mr. Johnson sent the document to the Eighth Circuit Court of Appeals and it was then forwarded to this court. Upon receiving the document on December 28, 2015, the clerk of this court sent a letter to Mr. Johnson advising him the documents were construed to be a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Johnson was further advised he must complete the standard 2254 form and return it as soon as possible, along with the $5.00 filing fee or the proper documents to proceed in forma pauperis. Mr. Johnson then moved to stay this action in order to pursue an appeal to the

United States Supreme Court concerning the constitutionality of a federal statute.

Some history here is in order.  Mr. Johnson was convicted in this court in 1996 pursuant to a guilty plea and sentenced to 156 months' imprisonment for the crime of aggravated sexual abuse in "Indian Country."  See generally, United States v. Johnson, 4:96-cr-40051-LLP.  After his conviction, the United States Supreme Court ruled in a separate case that the boundaries of the Yankton Sioux Tribe did not include the area where Mr. Johnson committed his crime.  See South Dakota v. Yankton Sioux Tribe, 522 U.S. 329, 357-58 (1998).  Thus, Mr. Johnson's crime did not occur in "Indian Country" and there was no federal criminal jurisdiction over him.

In 2000, Mr. Johnson filed a motion to vacate, set aside, or correct his federal criminal conviction.  See generally, Johnson v. United States, 4:00-cv-04015-LLP.  That motion was granted and Mr. Johnson was released from federal custody.

Mr. Johnson was subsequently prosecuted in state court and convicted by an Alford plea of third-degree rape in violation of SDCL § 22-22-1(2).  See Docket No. 1-2.  On February 25, 2015, he was sentenced to twenty-five years' imprisonment, with five years suspended.  Id.  On December 28, 2015, Mr. Johnson's "Motion for Certificate of Appealability for an Act of Congress, 1968, to be Unconstitutional by State of South Dakota" arrived in this court.  As was discussed earlier, he was ordered to fill out a standard habeas petition form for § 2254 cases.

By order dated March 24, 2016, Mr. Johnson was warned he must complete the required forms and return them for filing no later than April 22, 2016, or his case would be dismissed for failure to prosecute. To date, Mr. Johnson has not submitted the required documents. Instead, Mr. Johnson has filed a document titled "rebuttal to the magistrate's findings and recommendations" which seeks to have his previously denied motion to stay granted so that he may appeal to the United States Supreme Court.

Mr. Johnson's claims are difficult to discern but revolve around his perception that American Indians are being illegally prosecuted, an Act of Congress passed in 1968, and the Fort Laramie Treaty of 1868. Before a federal court may entertain a habeas petition on an underlying state court conviction, the petitioner must exhaust his claims in state court or show cause and prejudice to excuse such exhaustion. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Mr. Johnson, because he refuses to fill out the standard form which inquires about such matters as exhaustion in state court, has not demonstrated exhaustion before the South Dakota state courts. Moreover, no documents establishing exhaustion have been filed with this court. Accordingly, based upon a review of the entire file herein, it is

RECOMMENDED that Mr. Johnson's case be dismissed for failure to comply with the court's order which would give the court the facts necessary to evaluate his claims.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 27th day of April, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge