UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| O'DELL K. JOHNSON,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, DIRECTOR OF PRISONS,<br><br>　　　　Respondent. | 4:15-CV-04194-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Petitioner, O'Dell K. Johnson, filed a motion that the court construed as a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Johnson failed to fill out and return the standard § 2254 form necessary to evaluate his claims. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation and she recommended dismissing the petition. Petitioner then filed a document that the court construes to be an objection to the report and recommendation. For the following reasons, the court adopts Magistrate Judge Duffy's report.

**PROCEDURAL HISTORY**

In 1996, Johnson pleaded guilty to aggravated sexual abuse under 18 U.S.C. §§ 2241(c) and 1153. Johnson was sentenced to 156 months imprisonment. *United States v. Johnson*, 4:96-cr-40051-LLP, Docket 23. The crime was committed at Kirton's Trail Court in Wagner, South Dakota. *Id.*, Docket 26 at 1. Kirton's Trail Court is on land in Wagner, South Dakota, that is not held in trust because it was ceded by the Yankton Sioux Tribe in 1894.

1

*Id.* In 1998, the United States Supreme Court ruled that ceded land within the Yankton Reservation was not a part of "Indian Country," and therefore it was under state, not federal, jurisdiction. *South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 358 (1998).

On October 3, 2000, Johnson moved to vacate the 1996 federal conviction because it occurred on land no longer considered "Indian Country," and therefore, the federal court did not have jurisdiction. *O'Dell Johnson v. United States of America*, 4:00-cv-04015-LLP, Docket 1. The court retroactively applied *Yankton Sioux Tribe* and granted Johnson's motion. *Id.*, Docket 15. Johnson was released from prison.

On February 25, 2015, Johnson entered an Alford plea in state court and was found guilty of third-degree rape in violation of SDCL 22-22-1(4). Docket 1-2. The state court sentenced Johnson to twenty-five years imprisonment with five years suspended. *Id.* On December 28, 2015, Johnson sent a pro se document to the Eighth Circuit Court of Appeals entitled "Motion for Certificate of Appealability for an Act of Congress, 1968, to be Unconstitutional by State of South Dakota." Docket 1. The Eighth Circuit forwarded the document to this court. Docket 1-3. The court construed this as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

On December 28, 2015, the clerk of this court sent Johnson the standard § 2254 form to return as soon as possible along with the $5.00 filing fee. Docket 2. Johnson failed to return the form or the filing fee. On March 24, 2016, Magistrate Judge Duffy filed an order and directed the clerk to send

2

Johnson another § 2254 form and an *in forma pauperis* packet. Docket 3. The court explicitly ordered Johnson to return the forms no later than April 22, 2016, or the *"case would be dismissed for failure to prosecute."* Docket 3 at 1-2 (emphasis added). Johnson failed, again, to return the forms.

On April 4, 2016, Johnson filed a Motion to Stay pending an appeal to the Supreme Court of the United States for unclear reasons, but his motion refers to an Act of Congress passed in 1968. Docket 4 at 2. On April 5, 2016, Magistrate Judge Duffy denied the motion to stay. Docket 5. Johnson then filed a document entitled "Rebuttal to the Magistrate's Findings and Recommendations." Docket 6. The argument Johnson attempted to make in this document was also unclear. That same day Magistrate Judge Duffy submitted her report, recommending that this court dismiss Johnson's petition for failure to comply with the court's order. Docket 7. On May 18, 2016, Johnson filed a document entitled "District Court's Assumption of Jurisdiction After a Lapse 47-Years," which this court construed to be an objection to the report and recommendation. Docket 8.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b).

3

("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But, a petitioner's "pro se status does not entitle him to disregard the Federal Rules of Civil Procedure." *Carman v. Treat*, F. 3d 1379, 1381 (8th Cir. 1993) (citing *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). Also, "[a] district court has power to dismiss an action for refusal of the plaintiff to comply with an order of court, Fed. R. Civ. P. 41(b), and such action may be taken on the court's own motion." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)).

## DISCUSSION

A petitioner cannot pursue a habeas petition on an underlying state court conviction without exhausting his claims in state court first. 28 U.S.C. § 2254(b) and (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If a petitioner does not exhaust his remedies in state court, then he must show "cause and prejudice" or a "fundamental miscarriage of justice" to qualify for an exemption to exhaustion. *Murray v. Carrier*, 477 U.S. 478, 785 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). Johnson's completion of the § 2254 form is essential if this court is to proceed further with Johnson's

claim. The form includes inquiries such as whether the issues he raises have been exhausted in state court [necessary for Johnson to comply with 28 U.S.C. § 2254(b) and(c)]. Without such information, the court cannot proceed with the claim because Johnson has not shown that he has exhausted his remedies.

Johnson was first given notice that the § 2254 form needed to be filled out and returned in a letter dated December 28, 2015. *See* Docket 2 (A letter from the clerk of this court that included a § 2254 form and requested that Johnson "[p]lease complete and return [] as soon as possible.") Later, on March 24, 2016, the court formally ordered Johnson to fill out the § 2254 form or "the case would be dismissed for failure to prosecute." Docket 3. Thus, Johnson was given ample notice and opportunity to fill out and return the § 2254 form.

Because Johnson has not complied with court orders, was given ample notice to do so, and cannot show state court exhaustion, the court dismisses Johnson's claim for failure to comply with the court's order that would give the court the necessary facts to evaluate his claims. *See Robertson v. Hildreth*, No. 1:12-CV-1002, 2012 WL 4074161, at *1-2 (W.D. Ark. Aug. 27, 2012) (finding a petitioner's failure to return the § 2254 form after he had "ample opportunity to complete" it resulted in a "dismiss[al] without prejudice for failure to follow the Court's Order pursuant to Rule 41(b)").

**CONCLUSION**

This court has reviewed Magistrate Judge Duffy's report and recommendation and Johnson's objections. This court adopts the report and recommendation and dismisses Johnson's petition for relief without prejudice.

Thus, it is ORDERED that the report and recommendation (Docket 7) is adopted in full. Petitioner's pro se petition for habeas corpus is denied without prejudice.

Dated August 3, 2016

                BY THE COURT:
                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE